# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Edward S. Kiel |
| v. | : | Mag. No. 20-15474 |
| HATEM GHOUNEIM | : | **CRIMINAL COMPLAINT** |

I, Special Agent Elizabeth Hornberger, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

_____
Special Agent Elizabeth Hornberger
Federal Bureau of Investigation

Special Agent Hornberger attested to this Complaint by telephone pursuant to Federal Rule of Criminal Procedure 4.1(b)(2)(A) on November 9, 2020, in New Jersey.

HONORABLE EDWARD S. KIEL            /s Edward S. Kiel
UNITED STATES MAGISTRATE JUDGE      Signature of Judicial Officer

**ATTACHMENT A**

**Count One**
**(Wire Fraud)**

From in or around January 2019 through at least in or around December 2019, in Hudson County, in the District of New Jersey and elsewhere, the defendant,

HATEM GHOUNEIM,

did knowingly and intentionally devise a scheme and artifice to defraud, and to obtain money and property from the Ride Sharing Business by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing such scheme and artifice, did knowingly and intentionally transmit and cause to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, as specified in the table below.

| Count | Approximate Date | Description |
|---|---|---|
| 1 | November 3, 2019 | Ghouneim fraudulently created the Victim 1 False Account via the Ride Sharing Business's smartphone application while in or around Jersey City, New Jersey, resulting in an interstate wire transmission. |

In violation of Title 18, United States Code, Section 1343 and Section 2.

## **Count Two**
(Aggravated Identity Theft)

In or around November 2019, in Hudson County, in the District of New Jersey and elsewhere, the defendant,

HATEM GHOUNEIM,

knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, specifically Victim 1, during and in relation to a felony violation of a provision contained in Chapter 63 of the United States Code, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## ATTACHMENT B

I, Elizabeth Hornberger, am a Special Agent with the Federal Bureau of Investigation. I have knowledge of the following facts based upon both my investigation and discussions with other law enforcement personnel and others. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support the issuance of a complaint, I have not set forth each and every fact that I know concerning this investigation. Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

### Relevant Entities and Individuals

1. At all times relevant to this Complaint, unless otherwise indicated:

   a. Defendant Hatem Ghouneim ("Ghouneim") resided in or around Jersey City, New Jersey, and Astoria, New York.

   b. The Ride Sharing Business was a technology company headquartered in San Francisco, California, with servers in California, Arizona, and Virginia.

   c. Victim 1 was a resident of Little Falls, New Jersey.

   d. Victim 2 was a resident of Jersey City, New Jersey.

### Overview

2. Throughout at least in or around 2019, Ghouneim engaged in a scheme to fraudulently obtain referral fees from the Ride Sharing Business. Ghouneim created fraudulent delivery driver accounts—using stolen identities—with the Ride Sharing Business in order to induce the Ride Sharing Business to pay him referral fees for each new fraudulent account. Through this scheme, Ghouneim defrauded the Ride Sharing Business of hundreds of thousands of dollars in referral fees.

### Background

*The Ride Sharing Business*

3. The Ride Sharing Business owned a peer-to-peer ride sharing business division that operated in over seven hundred cities around the world. Through the Ride Sharing Business's smartphone application, users requested rides and were then paired with eligible drivers who met both the Ride Sharing

Business's internal criteria as well as the eligibility criteria of the relevant jurisdiction.

4.  The Ride Sharing Business also offered—as relevant here—a delivery service whereby users ordered food through the application from partner restaurants to be delivered by eligible delivery carriers (the "Delivery Carriers"). In order to receive delivery requests, pursuant to the Ride Sharing Business's internal criteria, Delivery Carriers operating a vehicle were required to possess a valid driver's license, registration, and insurance, have access to a vehicle less than twenty years old, and have at least one year of driving experience. Delivery Carriers were required to provide an email address and the phone number for the smartphone that would be used to operate the Ride Sharing Business's smartphone application.

5.  In order to grow its platform, the Ride Sharing Business frequently employed referral promotions. Per the Ride Sharing Business's referral rules posted on its website, in order to refer another individual to create an account with the Ride Sharing Business, the referrer was required to have an account in good standing and not have multiple accounts for a given Ride Sharing Business service. Individuals participating in the referral program could earn various "Referral Rewards," including cash, by inviting a new user, who met the Ride Sharing Business's criteria for using the application and completed the actions required by the specific referral program.

6.  The Ride Sharing Business often offered greater "Referral Rewards" for referring new accounts in areas where there were relatively less existing accounts, such as Houston, Texas.

## The Scheme to Defraud

7.  Ghouneim created hundreds of fraudulent accounts with the Ride Sharing Business using stolen identities in order to obtain Referral Rewards. Ghouneim's scheme was designed to circumvent the Ride Sharing Business's Delivery Carrier screening process and Referral Rewards rules. Ghouneim achieved this fraud by submitting to the Ride Sharing Business copies of either stolen driver's licenses or altered driver's licenses containing stolen personal information. Through these means, Ghouneim fraudulently obtained hundreds of thousands of dollars in Referral Rewards from the Ride Sharing Business. Ghouneim often listed the fraudulent accounts as operating in areas where the referral rewards were higher, such as Houston and Seattle.

8.  Many of the fraudulent accounts used by Ghouneim in furtherance of the scheme included either 1) photographs bearing his likeness, 2) a common telephone number, or 3) an email account containing his name. The fraudulent Ride Sharing Business accounts were created by a limited number of smartphone devices, which location data showed were present in both Astoria,

New York, and Jersey City, New Jersey, where Ghouneim had known addresses, including one device named "Hatem's iPhone" that was linked to approximately 193 fraudulent accounts.

9. Below are examples of fraudulent accounts Ghouneim used in furtherance of the scheme:

***Victim 1***

a. On or about November 3, 2019, Ghouneim fraudulently created a Ride Sharing Business account using the name and date of birth of Victim 1, but which listed a profile picture of Ghouneim and a photograph of a New York driver's license bearing Ghouneim's likeness with Victim 1's information (the "Victim 1 False Account"). The Victim 1 False Account also listed a telephone number ending in 2620 (the "2620 Number"), a bank account ending in 5351 (the "5351 Account"), and email address hatemc7[at]gmail.com.

b. The smartphone used to create the Victim 1 False Account was located in or around Jersey City, New Jersey, at the time of account creation, and thus caused transmission of an interstate wire to the Ride Sharing Business's servers in California, Arizona, or Virginia.

c. In addition, in or around that same time, Ghouneim also created approximately ten other Ride Sharing Business accounts in Victim 1's name, each listing the 2620 Number and an iteration of a similar email account (e.g., hatemc6[at]gmail.com). At least one of these accounts was created using "Hatem's iPhone."

d. On or about November 9, 2019, a Ride Sharing Business account in the name of "Hatem Hatem", listing the 2620 Number and email address hatemn2[at]gmail.com, received a Referral Reward of approximately $600 to the 5351 Account, as a result of a referral for the Victim 1 False Account to be a Delivery Carrier in Houston. The profile picture for the "Hatem Hatem" account also bore Ghouneim's likeness.

e. Law enforcement subsequently interviewed Victim 1 who stated that he had never signed up for an account with the Ride Sharing Business nor authorized anyone else to do so using his information.

***Victim 2***

      f. On or about November 10, 2019, Ghouneim fraudulently created a Ride Sharing Business account using the name and date of birth of Victim 2, but which listed a profile picture of Ghouneim and a photograph of a New York driver's license bearing Ghouneim's likeness with Victim 2's information (the "Victim 2 False Account"). The Victim 2 False Account also listed the 2620 Number, and email address hatemc24[at]gmail.com.

      g. In addition, in or around that same time, Ghouneim also created approximately five other Ride Sharing Business accounts in Victim 2's name, each listing the 2620 Number and most listing an iteration of a similar email account (e.g., hatemc26[at]gmail.com). At least one of these accounts was created using "Hatem's iPhone."

      h. On or about November 16, 2019, a Ride Sharing Business account in the name of "Tiyi Fyii," who also listed the 2620 Number, received a Referral Reward of approximately $600, as a result of a referral of the Victim 2 False Account to be a Delivery Carrier in Houston.

      i. Law enforcement subsequently interviewed Victim 2 and she stated that while she had an account with the Ride Sharing Business, she signed up for the Ride Sharing Business on her own and had nothing to do with any referrals.

      10. Records from a telephone provider indicated that from in or around October 13, 2019, through in or around February 16, 2020, the 2620 Number was subscribed to email address hatemv6[at]gmail.com and username "hatemv6".

      11. In or around 2019, Ghouneim fraudulently obtained numerous payments from the Ride Sharing Business to at least one bank account held in his name from which he personally withdrew money, as seen from bank surveillance images.