RECEIVED
By Lorraine McNerney at 4:54 pm, Feb 11, 2021

2020R00517/AM

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon.  Stanley R. Chesler |
| | : | |
| v. | : | Crim. No. 21- 143 |
| | : | |
| HATEM GHOUNEIM | : | |
| | : | 18 U.S.C. § 1343 |
| | : | 18 U.S.C. § 1028A(a)(1) |

**I N D I C T M E N T**

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

**Counts One through Three**
**(Wire Fraud)**

**Relevant Individuals and Entities**

1.     At all times relevant to this Indictment:

a.     Defendant HATEM GHOUNEIM ("GHOUNEIM") resided in or around Jersey City, New Jersey, and Astoria, New York.

b.     Victim 1 was a resident of Little Falls, New Jersey.

c.     Corporate Victim 1 was a technology company headquartered in San Francisco, California that owned a peer-to-peer ride sharing business that allowed users to order food from restaurants and have it delivered by eligible delivery carriers (the "Delivery Carriers").  Corporate Victim 1 offered promotions for referring new Delivery Carriers according to certain guidelines and rules. Individuals participating in the referral program could earn money by inviting new Delivery Carriers who met Corporate Victim 1's criteria and who completed the actions required by the specific referral program.

### The Scheme to Defraud

2.      From in or around January 2019 through at least in or around December 2019, in Hudson County, in the District of New Jersey and elsewhere, the defendant,

### HATEM GHOUNEIM,

did knowingly and intentionally devise a scheme and artifice to defraud, and to obtain money and property from Corporate Victim 1 by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice was in substance as set forth below.

### The Goal of the Scheme to Defraud

3.      The goal of the scheme was for GHOUNEIM to enrich himself by fraudulently obtaining referral fees from Corporate Victim 1.

### Manner and Means of the Scheme to Defraud

4.      It was part of the scheme to defraud that:

a.      GHOUNEIM created, or caused to be created, fraudulent delivery driver accounts—using both stolen and false identities—with Corporate Victim 1 in order to induce Corporate Victim 1 to pay referral fees for each new fraudulent account.  Through this scheme, GHOUNEIM defrauded Corporate Victim 1 of over half-a-million dollars in referral fees.

b.      GHOUNEIM created, or caused the creation of, numerous fraudulent accounts with Corporate Victim 1 using both stolen and false identities.

c.      GHOUNEIM submitted copies of either stolen driver's licenses or altered driver's licenses containing stolen or false personal information to Corporate Victim 1, for the creation of fraudulent accounts.  For example, on or about November 3, 2019, GHOUNEIM fraudulently created a Corporate Victim 1 account using Victim 1's name, but which listed a photograph of a driver's license bearing GHOUNEIM's likeness with Victim 1's name and date of birth (the "Victim 1 False Account").

d.      One fraudulent account was then used to refer another fraudulent account to Corporate Victim 1 as a purportedly new Delivery Carrier, all in order to obtain money from the referral program.

e.      In addition to using fraudulent and stolen identity documents to open accounts, GHOUNEIM's scheme violated Corporate Victim 1's screening process and referral rules in other ways.  GHOUNEIM violated Corporate Victim 1 rules that required that Delivery Carriers submit a valid driver's license and that referrers not have multiple accounts for a given Corporate Victim 1 service.

5.      On or about the dates set forth below, for the purpose of executing and attempting to execute the scheme and artifice to defraud, in Hudson County, in the District of New Jersey and elsewhere, the defendant,

**HATEM GHOUNEIM**,

did knowingly and intentionally transmit and cause to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, as set forth more fully below, each such wire transmission constituting a separate count of this Indictment:

3

| Count | Approximate Date | Description |
|---|---|---|
| 1 | November 3, 2019 | The Victim 1 False Account was fraudulently created via Corporate Victim 1's application using a smartphone located in or around Jersey City, New Jersey, resulting in an interstate wire transmission. |
| 2 | November 3, 2019 | A fraudulent account was created via Corporate Victim 1's application using a smartphone located in or around Jersey City, New Jersey, resulting in an interstate wire transmission. |
| 3 | November 12, 2019 | A fraudulent account was created via Corporate Victim 1's application using a smartphone located in or around Jersey City, New Jersey, resulting in an interstate wire transmission. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## Count Four
### (Aggravated Identity Theft)

1.      The allegations set forth in Paragraphs One and Four of Count One are hereby repeated, realleged, and incorporated as if fully set forth herein.

2.      In or around November 2019, in Hudson County, in the District of New Jersey, and elsewhere, the defendant,

**HATEM GHOUNEIM**,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically Victim 1, during and in relation to a felony violation of a provision contained in Chapter 63 of the United States Code, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH THREE

1.      As a result of committing the offenses charged in Counts One through Three of this Indictment, defendant HATEM GHOUNEIM shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the offenses charged in Counts One through Three of this Indictment.

### Substitute-Asset Provision
### (Applicable to All Forfeiture Allegations)

If any of the property described above, as a result of any act or omission of the defendant:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described above.

A TRUE BILL

███████████████████████

FOREPERSON

RACHAEL A. HONIG
Acting United States Attorney

CASE NUMBER: 21-___143(SRC)_____

# United States District Court
# District of New Jersey

## UNITED STATES OF AMERICA

### v.

## HATEM GHOUNEIM

## INDICTMENT FOR

18 U.S.C. § 1343
18 U.S.C. § 1028A(a)(1)

**A True Bill,**

Foreperson

### RACHAEL A. HONIG
*ACTING U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

ANDREW MACURDY
*ASSISTANT U.S. ATTORNEY*
*(973) 297-2020*

USA-48AD 8
(Ed. 1/97)